

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JESUS ALVAREZ-CASTRO,

      Plaintiff,

v.                                                                                                     No. CIV-04-292 RB/KBM

METROPOLITAN CORRECTION CENTER,
ITS WARDEN/ADMINISTRATOR, in his or her
professional or individual capacity;
SAN BERNARDINO COUNTY JAIL,
ITS ADMINISTRATOR, CAPTAIN JOHN MCMAHON,
in his professional or individual capacity;
TAFT FEDERAL CORRECTIONAL INSTITUTION,
ITS WARDEN MICHAEL LINSEY, in his
professional or individual capacity; and
DEPUTY WARDEN OF PROGRAMS J. PENDLETON;
LOMPOC FEDERAL CORRECTIONAL INSTITUTION,
ITS WARDEN CAMERON LINSEY, in his professional
or individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could

not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff is currently incarcerated in New Mexico as a transferee from California. Plaintiff suffered from a chronic, draining fistula for more than a year until successful surgery was performed after his transfer to New Mexico. While he was incarcerated in California, medical and correctional personnel failed to provide adequate necessary medical treatment for his condition, in violation of his Eighth Amendment rights. He names only California correctional officials as Defendants and seeks unspecified relief.

The relief sought is not available in this Court. The Court clearly has no jurisdiction of California correctional officers or employees. *Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the California Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, although the California Defendants could consent to this Court's jurisdiction. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (explaining that lack of personal jurisdiction "may be waived by the parties"). Furthermore, venue is improper in this district. 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, claims against the California Defendants could transferred to California under 28

U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3), *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, Plaintiff's complaint against the California Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice to his right to pursue his claims in an appropriate forum; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

                                                                     */s/ Robert Black*
                                                  UNITED STATES DISTRICT JUDGE